**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| MICHAEL B. COADY and ROBERT HAKIMIAN, <br><br> Plaintiffs - Appellants, <br><br> v. <br><br> INDYMAC BANCORP, INC.; et al., <br><br> Defendants, <br><br> and <br><br> ERNST & YOUNG LLP, <br><br> Defendant - Appellee. | No. 12-56216 <br><br> D.C. No. 2:08-cv-03812-GW-VBK <br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the Central District of California
George H. Wu, District Judge, Presiding

Argued and Submitted April 9, 2014
Pasadena, California

Before: FERNANDEZ, N.R. SMITH, and MURGUIA, Circuit Judges.

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Plaintiff Michael Coady appeals the district court's dismissal of his complaint alleging securities fraud violations against Ernst & Young (EY). "We review de novo a district court's grant of a motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) and for failure to allege fraud with particularity under Federal Rule of Civil Procedure 9(b)." *WPP Luxembourg Gamma Three Sarl v. Spot Runner, Inc.*, 655 F.3d 1039, 1047 (9th Cir. 2011). We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

Under Rule 9(b), claims alleging fraud are subject to a heightened pleading requirement, which requires that a party "state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b). The "more exacting pleading requirements" of the Private Securities Litigation Reform Act of 1995 (PSLRA) § 101(b), 15 U.S.C. § 78u-4, "require that a complaint plead with particularity both falsity and scienter." *Zucco Partners, LLC v. Digimarc Corp.*, 552 F.3d 981, 990 (9th Cir. 2009) (internal quotation marks omitted).

1. Coady first claims that EY issued unqualified opinions on IndyMac's 2006 Form 10-K and 2007 Form 10-K, fraudulently certifying that IndyMac's internal controls over financial reporting were effective in all material respects. However, Coady failed to "state with particularity" how any of IndyMac's internal control problems rose to the level of a material weakness. *See* Fed. R. Civ. P. 9(b).

"[A]lleged false statements, unaccompanied by the pleading of specific facts indicating why those statements were false, do[] not meet [the PSLRA's] standard." *Metzler Inv. GMBH v. Corinthian Colls., Inc.*, 540 F.3d 1049, 1070 (9th Cir. 2008).

2.     Coady next claims that EY fraudulently stated that IndyMac had adequate loan loss reserves in 2006 and 2007. Coady's unparticularized allegations that EY violated generally accepted auditing standards (GAAS) by ignoring indications from the market, "without an explanation of how the defendant knowingly or recklessly violated those standards," are insufficient. *See N.M. State Inv. Council v. Ernst & Young LLP*, 641 F.3d 1089, 1102 (9th Cir. 2011) (internal quotation marks omitted).

3.     Finally, Coady claims that EY fraudulently omitted a going-concern qualification from its 2007 audit opinion. Coady alleges that IndyMac met all five GAAS criteria for a going-concern qualification at the time EY issued its opinion. However, "[a]lleging a poor audit is not equivalent to alleging an intent to deceive." *Id.* at 1098 (alteration in original) (internal quotation marks omitted). Moreover, given that the Office of Thrift Supervision found that "[f]ailure appears unlikely . . . given the overall strength and financial capacity of [IndyMac]" around the same time EY issued its opinion, the inference of scienter is not "cogent and at

least as compelling as any opposing inference one could draw from the facts alleged." *See Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 324 (2007).

4.     Even a holistic review of Coady's allegations fails to save Coady's claims. *See Zucco Partners*, 552 F.3d at 1006.  Securities fraud complaints against outside auditors that have survived the PSLRA's exacting pleading requirements have pleaded deviations from GAAS with more specificity than Coady has here.  *See, e.g., N.M. State Inv. Council*, 641 F.3d at 1098 (relying on "specific email exchanges recited in the Complaint" and the fact that EY "never received or reviewed *any* documents"); *In re Daou Sys., Inc.*, 411 F.3d 1006, 1018 (9th Cir. 2005) ("The complaint alleges myriad observations of accounting misfeasance (e.g., alleged manipulation of the books) . . . .").

**AFFIRMED.**